### SIEDLER *v.* BELL *et al.*

*(Supreme Court, General Term, Second Department.   July 22, 1892.)*

EXECUTORS AND ADMINISTRATORS—ACCOUNTING WITH DECEDENT'S ESTATE.

In an action for an accounting with a decedent's estate it appeared that plaintiff, with decedent and others, undertook to organize a railroad company, of which, by agreement, decedent was to act as treasurer; that the money of which plaintiff sought an accounting was paid by plaintiff on a subscription for stock, and was expended with plaintiff's approval by decedent, with other subscriptions, in furtherance of the enterprise, and accounted for to the manager of the proposed company. *Held*, that the complaint was properly dismissed.

Appeal from special term, Orange county.

Action by Charles Siedler against Edward T. Bell and another, administrators of the estate of Henry R. Low, deceased, for an accounting. Defendants had judgment, and plaintiff appeals. Affirmed.

Argued before BARNARD, P. J., and DYKMAN and PRATT, JJ.

*Henry C. Andrews*, for appellant.   *W. J. Groo*, for respondents.

DYKMAN, J.   This is an appeal by the plaintiff from a judgment which dismissed his complaint, with costs. The action was against the administrators of the estate of Henry R. Low, deceased, for an accounting, and it appeared upon the trial that the plaintiff, with Low and some others, undertook to form a railroad company for the construction of a railroad along the west shore of the Hudson river, and by agreement of the parties Low was to act as treasurer. He was to proceed with the work of locating the road, and procuring the right of way, and pay the expenses of that work from the money received as such treasurer. The plaintiff in this action made a subscription for $10,000 of the stock of the new company, and paid $1,000 on account thereof, which went into the hands of Low, and was practically all expended for the purposes contemplated. The trial judge has found that Low paid out and expended all the money received from the plaintiff and other subscribers in furtherance of the enterprise, and that such disbursements were made by Low with the knowledge and consent or approval of the plaintiff;

and, further, that Low had accounted for all the money which came to his hands as such treasurer to Delos E. Culver, the general manager of the proposed company. These findings are all fully sustained by the evidence, and the judgment should be affirmed, with costs. All concur.